IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| vs. | : | CRIMINAL NO. 2004-041 ERIE |
| | : | |
| KAREN ANN ERDELY | : | |

## EXCEPTIONS TO PRE-SENTENCE REPORT

1. The PSR, paragraph 27, page 9, increases the base offense level by +2 because the "number of victims…is more than 10 but less than fifty". Although the PSR notes there are 30 victims, it is averred that only 13 victims are listed for restitution and that three of them, specifically Lester Miller, George Schmitt and John Czech (who is willing to speak on the Defendant's behalf at time of sentencing), were aware of the so-called "Leaper" scam but continued to voluntarily have contact with the Defendant, thereby removing themselves from "victim" status. It is further averred that Frankie Lawhorn, Walter Dyer and Donald Hayes should not be considered as victims either. If less than 10 individuals are deemed victims, this would reduce the addition to the Defendant's base level offense by two points.

2. The PSR, paragraph 29, page 9, adds 4 points to the offense level "because the Defendant was an organizer or leader of a criminal activity that involved five or more participants…" The Defendant hereby denies that she was legally an organizer or leader of five or more participants, nor a leader or organizer at all, as most of the co-defendants, particularly Donna Gagich and Pamela Barnett, were already familiar with the "Leaper" scam before meeting the Defendant and had already practiced the same scheme while at other state prisons. As noted in paragraph 11, page 5, "the inmates routinely discussed this scheme between themselves and openly trained other inmates who were interested…" In paragraph 15, page 7, it is noted that "the defendant enticed other inmates to participate…" and "recruited and instructed many other inmates…"The Defendant specifically denies these allegations as well. The point is that the Defendant did not do anything different than any of her co-defendants, and she therefore should not be considered a leader or organizer. If it is not found that the Defendant was a leader or organizer, this would reduce the addition to the Defendant's base level offense by four points.

## ADDITIONAL MATTER FOR CONSIDERATION

3.  The PSR, paragraph 16, page 7, states the Defendant "gave money orders to Correctional Officer Larry Campbell, he did favors for me like went [sic] to the bookstore and sent me books and kept the change. He was aware of the scam that Nancy [Cummings] and I were involved in and accept [sic] the money orders from some of our victims anyway." The Defendant avers that that statement is incorrect, and that she had no idea who sent those books to her. The Defendant did receive a money order from Lester Miller, and gave the same to Ms. Cummings, who told the Defendant that she had a friend that would send her the books.

Respectfully submitted,

CARNEY & GOOD

By: /s/ Daniel J. Brabender, Jr.
Daniel J. Brabender, Jr., Esq.
Attorney for Defendant
254 West Sixth Street
Erie, PA 16507-1398
[814] 453-5004
Attorney I.D. No. 27912

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| vs. : | CRIMINAL NO. 2004-041 ERIE |
| : | |
| KAREN ANN ERDELY : | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the within Exceptions to Pre-Sentence Report was served upon the following on September 13, 2005:

    Christian Trabold, Assistant U.S. Attorney
    100 State Street, Suite 302
    Erie, PA 16507
    via U.S. Mail, Postage Prepaid

    USPO David Conde
    128 United States Court House
    PO Bx 1598
    Erie, PA 17507-0598
    via U.S. Mail, Postage Prepaid

*Daniel J. Brabender, Jr.*
Daniel J. Brabender, Jr., Esq.
Attorney for Defendant
254 West Sixth Street
Erie, PA 16507-1398
[814] 453-5004
Attorney I.D. No. 27912