IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA        )
                                )
            v.                  )   Criminal No. 04-41 Erie
                                )
KAREN ANN ERDELY                )

## GOVERNMENT'S RESPONSE TO
## DEFENDANT'S EXCEPTIONS TO THE PRE-SENTENCE REPORT

AND NOW comes the United States of America, by and through its counsel, Mary Beth Buchanan, United States Attorney for the Western District of Pennsylvania, and Christian A. Trabold Assistant United States Attorney for said district, and states as follows:

Erdely argues two points in her exceptions to the pre-sentence report which could impact her overall offense level: (1) she should not be saddled with two extra offense levels for number of victims because her actual number of victims was less than ten, and; (2) the four level leader/organizer increase does not apply to her.  Erdely is mistaken on both points.

A.   Number of victims

Erdely claims that she should not receive two extra offense level points for having more than ten but less than thirty victims because her total number of victims is less than ten.  In support Erdely refers the Court to the list of only thirteen individuals in the restitution section of the pre-sentence report. Erdely then claims that six of those thirteen individuals were not

victims, therefore, the two level increase does not apply to her. Erdely has apparently forgotten her prior statements to authorities.

When interviewed on May 6, 2003, by United States Postal Inspector Corey Werling and Erie Police Detective James Stumpo, Erdely identified more than ten victims of her scam. She also was shown a list of people who had sent money to her while she was incarcerated. Erdely identified thirty men on the list as victims. Moreover, the written statement Erdely provided to investigators, attached hereto as Exhibit A, reveals that Erdely admitted to defrauding a minimum of eleven men. Therefore, since Erdely's current claims are contradicted by her earlier oral and written statements, her exception is frivolous.

**B.  Leader/Organizer**

Pursuant to the United States Sentencing Guidelines, a defendant's offense level is to be increased four levels if she was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive. U.S.S.G. §3B1.1(a). The commentary lists the following factors that the court should consider in distinguishing a leadership and organizational role from one of mere management or supervision:

> (1) the nature of participation in the commission of the offense;

> (2) the recruitment of accomplices;

(3) the claimed right to a larger share of the fruits of the crime;

(4) the degree of participation in planning or organizing the offense;

(5) the nature and scope of the illegal activity; and

(6) the degree of control and authority exercised over others.

U.S.S.G. §3B1.1, Commentary, Application Note 4 (2003). However, the government need not present evidence of every factor in order for a defendant to be found a leader or organizer because the commentary is only a suggestion of factors which the court should consider in making its determination. United States v. Ortiz, 878 F.2d 125, 127 (3d Cir. 1989).

For instance, in Ortiz, the court found the defendant to be a leader/organizer in relation to his conviction for a single cocaine distribution because he made the decision regarding the quantity and price to be paid for the cocaine, he gave directions to some of the participants in the transaction, he directed his son to act as a lookout, he directed the place for the transaction to occur, and he helped recruit two of the accomplices. Ortiz, 878 F.2d at 127. The court found no merit to the defendant's claim that there was no evidence concerning the size of his share of the fruits of the cocaine distribution. Ortiz, 878 F.2d at 127.

Here, Erdely was clearly the leader and organizer of the conspiracy. She recruited several inmates to participate in the

scheme or provided names of men to multiple inmates. Erdely taught numerous inmates how to conduct the scam or improve their letter writing techniques. She taught inmates how to place the most effective personal advertisements. Erdely used her ill gotten gains to bolster her position in the institution. She utilized outside sources to obtain photographs of good looking women which she provided to her co-conspirators. Erdely's portion of the proceeds from the scam vastly exceeded any of her co-conspirators. She often set up three way phone calls from prison for other inmates to their victims so the scheme could effectively proceed. For all these reasons, Erdely was clearly the driving force behind the scheme and, as such, the four level increase is justified.

WHEREFORE, the government respectfully requests that Erdely's exceptions to the pre-sentence report be denied.

Respectfully submitted,

MARY BETH BUCHANAN
United States Attorney


s/Christian A. Trabold
CHRISTIAN A. TRABOLD
Assistant U.S. Attorney
PA ID No. 75013

4